


**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

| | | | |
|---|---|---|---|
| *Aaron S.J. Zelinsky*<br>*Assistant United States Attorney*<br>*Aaron.Zelinsky@usdoj.gov* | *Mailing Address:*<br>*36 S. Charles Street, 4th Floor*<br>*Baltimore, MD 21201* | *Office Location:*<br>*36 S. Charles Street, 4th Floor*<br>*Baltimore, MD 21201* | DIRECT: 410-209-4928<br>MAIN: 410-209-4800<br>FAX: 410-962-3091 |
| *Michael M. Sawers*<br>*Acting Assistant Chief*<br>*Michael.Sawers@usdoj.gov* | *Mailing Address:*<br>*450 5th Street NW*<br>*Washington, D.C. 20530* | *Office Location:* | DIRECT: 202-803-1217 |

November 13, 2024

Andrew White
201 North Charles Street
26th Floor
Baltimore, MD 21201

    Re:    *United States v. Lawrence Eady*

Dear Mr. White:

    This letter, together with the Sealed Supplement, confirms the plea agreement (this Agreement) that has been offered to your client, Lawrence Eady (hereinafter Defendant), by the United States Attorney's Office for the District of Maryland (this Office) and the Antitrust Division of the United States Department of Justice (the Division, and together with this Office, the Government). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by November 13, 2024, at 5:00 p.m., it will be deemed withdrawn. The terms of the Agreement are as follows:

### Offense of Conviction

    1.    The Defendant agrees to waive indictment pursuant to Federal Rule of Criminal Procedure 7(b) and plead guilty to a Criminal Information charging him with bribery of a public official (18 U.S.C. § 201(b)(2)). The Defendant admits that he is, in fact, guilty of this offense and will so advise the Court.

### Elements of the Offense

    2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which the Government would prove if the case went to trial, is as follows:

That at some point during the approximate time period alleged in the Information, in the District of Maryland and elsewhere:

    (1) the defendant was a public official;

    (2) the defendant directly or indirectly, corruptly demands, seeks, receives, accepts, or

Rev. August 2018

agrees to receive or accept anything of value personally or from any other person or entity in return for being influenced in the performance of any official act; being influenced to commit or aid in committing, or to collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States; or being induced to do or omit to do any act in violation of the official duty of such official or person;

(3) the defendant did so intentionally and corruptly.

### Penalties

3. The maximum penalties provided by statute for the offense to which the Defendant is pleading guilty is as follows:

| Statute | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|---|---|---|---|---|
| 18 U.S.C. § 201(b)(2) | 15 years | 5 years | Greater of $250,000, three times the monetary equivalent of the thing of value, or twice the gain or loss from the offense | $100 |

b. Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

c. Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

d. Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

e. Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offenses, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

f. Collection of Debts: If the Court imposes a fine or restitution, the Government's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant

exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes the Government to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by the Government.

<u>Waiver of Rights</u>

4.      The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

    a.      If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, the Government, and the Court all agreed.

    b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    c.      If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

    d.      The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

    e.      If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts

of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

        g.     If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

        h.     By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

Advisory Sentencing Guidelines Apply

5.     The Defendant understands that the Sentencing Guidelines are advisory, not mandatory and the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

Factual and Advisory Guidelines Stipulation

6.     The Government and the Defendant understand, agree and stipulate to the Stipulation of Facts set forth in Attachment A hereto, which the Government would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

        a.     The parties agree and stipulate for 18 U.S.C. § 201(b)(2) pursuant to:

          i. U.S.S.G. § 2C1.1(a)(1), the base offense level for a violation is **14** because the defendant is a public official.

          ii. U.S.S.G. § 2C1.1(b)(1) the base offense level for a violation is increased by **2** because the offense involved more than one bribe.

    iii. U.S.S.G § 2C1.1(b)(2) the base level for a violation is increased by **14** because the value of the payment, the benefit received or to be received in return for the payment, the value of anything obtained or to be obtained by a public official or others acting with a public official, or the loss to the government from the offense, whichever is greatest exceeded $6,500; the loss is (H) More than $550,000 and less than $1,500,000.

    iv. U.S.S.G § 2C1.1(b)(3) the base level for the violation is increased by 4, because the offense involved a public official or any public official in a high-level decision-making or sensitive position but if the resulting offense level is less than level 18, increase to level 18; thus, the base level for the violation is increased by **4**.

   The calculation for 18 U.S.C. § 201(b)(2) results in a final offense level of **thirty-four (34)**.

   b. The Government does not oppose a two-level **(2)** reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. The Government agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional **1**-level decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty. The Government may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, the Government, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

   c. The Government will not oppose a two-level **(2)** downward variance if the Court determines that the Defendant meets the criteria listed in the adopted Section 4C1.1. The Defendant waives the right to seek a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the adopted Section 4C1.1.

   d. Therefore, the final anticipated offense level is **twenty-nine (29)**.

  7. There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

  8. Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

Obligations of the Parties

9. At the time of sentencing, the Government and the Defendant reserve the right to advocate for a reasonable sentence, period of supervised release, and/or fine considering any appropriate factors under 18 U.S.C. § 3553(a). The Government and the Defendant reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that the Government or the Defendant deem relevant to sentencing.

### Waiver of Appeal

10. In exchange for the concessions made by the Government and the Defendant in this Agreement, the Government and the Defendant waive their rights to appeal as follows:

a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s), to the extent that such challenges legally can be waived.

b. The Defendant and the Government knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

c. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from the Government or any investigating agency.

### Restitution and Forfeiture

11. The Defendant agrees that pursuant to 18 U.S.C. §§ 3663 and 3663A and §§ 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. The Defendant shall be jointly and severally liable with any codefendants the Court also orders to pay restitution for the full amount of the victim's loss. The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and the Government may seek to be relieved of its obligations under this agreement.

12. The Defendant understands that the Court may enter an Order of Forfeiture as part

of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

14. The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding forfeiture during the change of plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

15. The Defendant agrees to assist fully in the forfeiture of the above property. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

16. The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

### Defendant's Conduct Prior to Sentencing and Breach

17. Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, the Government, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

18. If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) the Government will be free from its obligations under this Agreement; (ii) the Government may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, the Government will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that the Government is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In

that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

### Court Not a Party

19. The Court is not a party to this Agreement. The sentence to be imposed is within the sole discretion of the Court. The Court is not bound by the Sentencing Guidelines stipulation in this Agreement. The Court will determine the facts relevant to sentencing. The Court is not required to accept any recommendation or stipulation of the parties. The Court has the power to impose a sentence up to the maximum penalty allowed by law. If the Court makes sentencing findings different from those stipulated in this Agreement, or if the Court imposes any sentence up to the maximum allowed by statute, the Defendant will remain bound to fulfill all of the obligations under this Agreement. Neither the prosecutor, defense counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

20. This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between the Government and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and the Government other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Erek L. Barron
United States Attorney

Aaron S.J. Zelinsky
Sean R. Delaney
Assistant United States Attorneys


Jonathan Kanter
Assistant Attorney General

Michael Sawers
Zachary Trotter
Elizabeth French

Trial Attorneys
Antitrust Division

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

Date: 11-13-24

Lawrence Eady

I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

Date: 11/13/24

Andrew White, Esq.

## Attachment A – Stipulation of Facts

The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office and the Division would have proved the following facts beyond a reasonable doubt. The parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.

Lawrence Eady (Eady) is 60 years old and resides in Maryland.

From at least November 2017 to at least December 2020, Eady was a high-level official, employed by the United States government (USG) in a sensitive position. In that capacity, Eady was a public official as defined by 18 U.S.C. § 201(a)(1). Eady was involved in and had the ability to influence the process for purchasing IT products by a USG agency (USG Agency A).

Individual 1 was employed as a government contractor reporting to Eady. In his role as a government contractor, Individual 1 provided IT services and support to USG Agency A.

OEM A was an original equipment manufacturer (OEM) that provided IT data storage and security products to the USG, including USG Agency A.

USG Agency A typically procures IT products from vendors. Vendors typically purchase those products from a distributor or OEM. For the contracts that are the subject of this agreement and these factual stipulations, the end user was USG Agency A.

In or about November 2017, Individual 1 began employment as a contracted employee for USG Agency A. At all times relevant to this Stipulation of Facts, Individual 1 worked for the USG as a contracted employee onsite at USG Agency A. Eady and Individual 1 interacted regularly during their work for USG Agency A.

Beginning in or around November 2017 and continuing through July 2022 (the Relevant Period), in his capacity as a USG contractor, Individual 1 recommended products and vendors to participate in USG Agency A's procurement process for IT equipment, including by making recommendations to Eady. Eady had influence over procurement decisions, including IT procurements in which USG Agency A was procuring OEM A's products.

Individual 1 made recommendations to Eady, which Eady considered and accepted. Individual 1 made recommendations to Eady with the knowledge that Eady could influence the USG's decision to approve purchase of the products that Individual 1 recommended. Individual 1 made recommendations with the intent that Eady exercise his influence over procurement decisions to purchase the products that he recommended. Such exercise of influence by Eady constituted an official act by Eady.

During the Relevant Period, Eady corruptly demanded, sought, received, accepted or agreed to receive or accept money from Individual 1, in return for being influenced in the performance of official acts (*i.e.*, the selection of products manufactured by OEM A). Specifically, beginning in or about November 2017, Eady and Individual 1 agreed that Individual 1 could use USG IT procurements to earn extra money; that Individual 1 would assemble bids responsive to USG Agency A's procurements, which Eady could award at inflated prices; and that Individual 1

would pay bribes to Eady in exchange for Eady ensuring that USG Agency A's procurements were awarded at the inflated prices. The fact and amount of the inflated, improper payments were not disclosed to the USG. As agreed between Eady and Individual 1, Eady and Individual 1 ensured that USG Agency A selected products manufactured by OEM A. Individual 1 in turn then paid bribes to Eady for his part in influencing USG Agency A's approval process.

The scheme continued for multiple years. Between 2018 and 2020, Individual 1 used his position as an on-site contractor at USG Agency A to get advance notice of upcoming procurements. Individual 1 inflated the price of OEM A's products in procurements to USG Agency A. Individual 1 used his position to recommend OEM A's products to USG Agency A and to influence Eady. In exchange for his recommendations and influence, Individual 1 and his company received funds out of USG Agency A's payments for the purchase of OEM A's products. Individual 1 did not perform any service or otherwise render any value to the USG in exchange for the payments.

Eady received the following payments from Individual 1 in exchange for Eady ensuring that OEM A was selected for valuable procurements by USG Agency A:

| Date | Check Number | Payor | Payee | Amount | Deposited? |
| --- | --- | --- | --- | --- | --- |
| August 19, 2019 | 5001 | Individual 1 | Eady | $190,000 | Yes |
| February 28, 2020 | 5002 | Individual 1 | Eady | $190,000 | Yes |
| October 8, 2020 | 5003 | Individual 1 | Eady | $250,000 | Yes |

Eady accepted these payments from Individual 1 in exchange for Eady's selecting OEM A as the technology of choice in the USG Agency's IT procurements.

\*   \*   \*

I have read this Stipulation of Facts carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree these facts are true. I do not wish to change any part of the Stipulation of Facts. I am completely satisfied with the representation of my attorney.

Date: 11-13-24

Lawrence Eady

I am the Defendant's attorney. I have carefully reviewed the Stipulation of Facts. The Defendant advises me that the Defendant understands and agrees the Stipulation of Facts is accurate.

Date: 11/13/24

Andrew White, Esq.